IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE EDWARD MILLER, JR., #244648, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL CASE NO. 2:21-cv-52-ECM [WO] |
| WARDEN CALLOWAY, *et al.*, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION and ORDER**

On February 16, 2024, the Magistrate Judge entered a Recommendation (doc. 30) that the Defendants' motion for summary judgment (doc. 11) be granted, that judgment be entered in favor of the Defendants on all claims, that the case be dismissed with prejudice, and that no costs be taxed. To date, no objections to the Recommendation have been filed. Upon an independent review of the file and upon consideration of the Recommendation, the Court concludes the Recommendation is due to be adopted with modifications.

**BACKGROUND**

Plaintiff Ronnie Edward Miller, Jr., ("Miller"), an inmate in the custody of the Alabama Department of Corrections ("ADOC"), brings this action pursuant to 42 U.S.C. § 1983 against Defendants Warden Rolanda Calloway ("Calloway"), Captain Hudson ("Hudson"), Sergeant Brandon Williams ("Williams"), and Officer Landrum ("Landrum") (collectively, "Defendants"). Miller claims that the Defendants subjected him to excessive force in violation of the Eighth Amendment and to retaliation in violation of the First

Amendment while he was incarcerated at Kilby Correctional Facility ("Kilby"). In his verified complaint, Miller claims that on January 1, 2021, he and other inmates began a hunger strike to protest living conditions at Kilby. (Doc. 1 at 2). He further claims that Hudson and Williams made death threats towards him and other strikers if the strike continued. (*Id.*). He says that Calloway was "immediately notified of those death threats due to her position as warden" but she "refused to intervene or even investigate the matter." (*Id.*). Miller states that at approximately 7:00 a.m. on January 4, 2021, Hudson and Williams "acted on such threats," escorted Miller out of his cell, and watched Landrum "wrap a pair of handcuffs around his knuckle [sic] and beat [Miller] in the face and head until [Landrum] knocked his knuckles out of place." (*Id.*). Construing the evidence and all reasonable inferences in Miller's favor, Hudson and Williams did not attempt to intervene in Landrum's use of force. Miller was then "escorted to the facility's health care unit for treatment." (*Id.*). Additionally, pictures of Miller's swollen face were "submitt[ed] to social media." (*Id.*). According to prison medical records, Miller had a knot and a raised area on the left side of his head and an edema on his left cheek.

      Williams and Landrum claim that at approximately 7:20 a.m. on January 4, 2021, they conducted a search of Miller's cell. In his affidavit, Landrum claims that Miller allowed himself to be handcuffed and then exited his cell, but Miller refused to comply with Landrum's order to submit to a strip search. Landrum says he then "grasped" Miller's arm and attempted to pat search him, at which point Miller "snatched away and ran in his cell." (Doc. 11-7 at 2). Landrum then conducted a takedown and placed Miller on the floor,

2

at which point Williams came to assist Landrum. The officers discovered cigarettes in Miller's boxers. Landrum further states: "At no time did I assault inmate Miller." (*Id.*). Williams states in his affidavit that while he was searching another inmate's cell, he heard a commotion, exited the cell, and eventually observed Landrum "trying to gain control of inmate Miller." (Doc. 11-9 at 2). Williams "assisted Officer Landrum and gained control of inmate Miller." (*Id.*). "All forced [sic] cease [sic]." (*Id.*). For his part, Hudson claims that he was not at Kilby at the time of these alleged incidents, as he did not arrive there until 7:54 a.m. (Doc. 11-8 at 2).

## DISCUSSION

The Magistrate Judge recommends that the official capacity claims be dismissed as barred by Eleventh Amendment immunity and that the individual capacity claims be dismissed because no reasonable factfinder could conclude that Miller's Eighth or First Amendment rights were violated. The Court has carefully reviewed the Recommendation and the entire record. Although the Court disagrees with, and declines to adopt, some of the Recommendation's analysis, the Court ultimately concludes that the Recommendation is due to be adopted as modified herein.

In the Recommendation, the Magistrate Judge acknowledged Miller's claim that Hudson and Williams escorted him from his cell and watched while Landrum beat him "with handcuffs wrapped around his knuckles to the point that Landrum knocked his knuckles out of place." (Doc. 30 at 11) (citing doc. 1 at 2). The Magistrate Judge further stated that "[t]he undisputed medical evidence does not support an allegation that Miller

3

was repeatedly beaten in the face and head with handcuffs wrapped around Landrum's knuckles." (Doc. 30 at 11).

The Magistrate Judge was wrong to credit the contents of the medical evidence over Miller's version of events. Miller swore to the allegations in his complaint under penalty of perjury, and so his statements "should have been treated as testimony." *See Sears v. Roberts*, 922 F.3d 1199, 1206 (11th Cir. 2019) (explaining that it "was error" for the district court to reject the plaintiff prisoner's statements in his verified complaint as "'not correct,' as refuted by the record evidence submitted by the correctional officers, or as otherwise insufficient because the only source of them was [the plaintiff]"); *see also Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) (explaining that the court "credit[ed] the 'specific facts' pled" in the *pro se* inmate plaintiff's sworn complaint "when considering his opposition to summary judgment" (citation omitted)); *Walker v. Poveda*, 735 F. App'x 690, 690 (11th Cir. 2018) (per curiam) ("[The *pro se* inmate plaintiff] verified his complaint . . . in accordance with 28 U.S.C. § 1746 by attesting to the truth of his factual assertions under penalty of perjury, and we have held that pleadings verified under § 1746 are admissible (and may substitute for sworn affidavits) on summary judgment.").[1] The Magistrate Judge did not cite any authority or otherwise explain why the medical evidence was credited over Miller's sworn testimony. To the extent the Magistrate Judge thought that the medical records rendered Miller's version of events "blatantly contradicted by the

---

[1] Here, and elsewhere in this opinion, the Court cites nonbinding authority. While the Court acknowledges that these cases are nonprecedential, the Court finds their analysis persuasive.

record" as articulated by the United States Supreme Court in *Scott v. Harris*, 550 U.S. 372, 380 (2007), the Eleventh Circuit has expressly rejected this conclusion. *See Sears*, 922 F.3d at 1208–09 (explaining that the defendants' non-video documentary evidence, including medical records, did not satisfy *Scott*'s "blatantly contradicted by the record" exception and holding that the district court "erred by weighing the evidence and making its own credibility determinations at the summary judgment stage"). Moreover, it was wrong to refer to the medical evidence as "undisputed" to the extent it conflicts with Miller's sworn testimony that Landrum beat him in the face and head with handcuffs wrapped around his knuckles. Thus, the Court declines to adopt these portions of the Recommendation.

The Recommendation also represents that Miller admitted to refusing Landrum's order to be strip searched, citing Miller's complaint and a use of force form containing Miller's statements. (Doc. 30 at 11) (first citing doc. 1 at 1–4; then citing doc. 11-4 at 2). However, an admission that Miller refused an officer's order appears nowhere in Miller's verified complaint. (*See generally* doc. 1 at 1–4). Moreover, Miller's unsworn statement in the use of force form (doc. 11-4 at 2) is not proper evidence of an admission by Miller because unlike the complaint, the form does not contain a statement that Miller attested to the truth of his assertions under penalty of perjury. *See* FED. R. CIV. P 56(c); FED. R. CIV. P 56(c) advisory committee's note to 2010 amendment; *see also Bozeman v. Orum*, 422 F.3d 1265, 1267 & n.1 (11th Cir. 2005) (per curiam) (affirming the denial of summary judgment and agreeing with the district court that witness statements in an Alabama Bureau of Investigation report could not be considered in ruling on summary judgment because

the statements were "unsworn and thus fail[ed] to meet the affidavit requirements of Federal Rule of Civil Procedure 56(c)"), *abrogated in part on other grounds by Kingsley v. Hendrickson*, 576 U.S. 389 (2015).[2] Consequently, the Recommendation's statement that Miller admitted to refusing Landrum's order is clearly erroneous, and the Court declines to adopt it.

Notwithstanding these errors in the Recommendation's analysis, the Court concludes that the ultimate conclusion concerning the outcome of the Eighth and First Amendment claims is correct and due to be adopted. Although Miller's sworn testimony is that Hudson and Williams escorted him from his cell and watched Landrum "wrap a pair of handcuffs around his knuckle [sic] and beat [Miller] in the face and head until he knocked his knuckles out of place," (doc. 1 at 2), Miller does not directly dispute Landrum's testimony that Miller refused to comply with Landrum's order to submit to a strip search. Similarly, Miller does not directly dispute Landrum's or Williams' testimony regarding the subsequent series of events, including Landrum's testimony that Miller "snatched away and ran in his cell" after Landrum "grasped" Miller's arm and attempted to pat search him. (Doc. 11-7 at 2).

Once the moving party has carried its initial burden "to identify the portions of the record that it believes show the absence of a genuine issue of material fact and to show that

---

[2] In 2010, Rule 56(c) was amended to omit the requirement of a sworn, formal affidavit, but the Advisory Committee's Note states that "to substitute for an affidavit," an unsworn written statement must be "subscribed in proper form as true under penalty of perjury" pursuant to 28 U.S.C. § 1746. FED. R. CIV. P 56(c) advisory committee's note to 2010 amendment.

it is entitled to judgment as a matter of law," the burden shifts to the nonmoving party—here, Miller—to "show the existence of a genuine issue of material fact in order to avoid summary judgment." *Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1160 (11th Cir. 2022). "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ." FED. R. CIV. P. 56(c). Moreover, "[i]f a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion," or the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED. R. CIV. P. 56(e). Here, the Court concludes that Miller "fail[ed] to properly address" the facts asserted by Landrum and Williams in their affidavits regarding Miller's refusal to obey Landrum's order and Miller's subsequent resistance and failure to cooperate. *See id.* Consequently, the Court finds that those facts are undisputed for purposes of ruling on the motion for summary judgment.

Viewing the evidence and all reasonable inferences in his favor as the nonmoving party, Miller has, at best, created a dispute of fact as to the extent of his injury and the amount of force Landrum used. But on this record, particularly given Miller's undisputed refusal to obey Landrum's order as well as his subsequent resistance, the Court finds that Miller has failed to create a genuine dispute of material fact on the ultimate question of whether force was inflicted "maliciously and sadistically to cause harm," as opposed to "a good-faith effort to maintain or restore discipline." *See Williams v. Radford*, 64 F.4th 1185,

1196 (11th Cir. 2023) (citation omitted). Therefore, the Court concludes that the Magistrate Judge's Recommendation is due to be adopted as modified concerning the Eighth Amendment claim against the Defendants in their individual capacities. Moreover, considering the undisputed facts, the Court finds no clear error in the Recommendation's conclusion regarding the First Amendment retaliation claim against the Defendants in their individual capacities. Consequently, the Court concludes that the Magistrate Judge's Recommendation is due to be adopted as modified.

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Recommendation of the Magistrate Judge (doc. 30) is ADOPTED as modified herein;

2. The Defendants' answer and special report (doc. 11) is construed as a motion for summary judgment, and the motion for summary judgment (doc. 11) is GRANTED;

3. Costs are taxed as paid;

4. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 27th day of March, 2024.

                                                /s/ Emily C. Marks
                                            EMILY C. MARKS
                                            CHIEF UNITED STATES DISTRICT JUDGE